### JOHN ATCHISON ET AL. V. S. W. HANNA.

#### No. 2356.   Decided March 10, 1915.

**1.—School Land—Purchase by Lessee—Forfeiture.**

A purchaser of school land under the preference right given a lessee by Act of April 15, 1905, Laws, 29th Leg., p. 159, was not subject to forfeiture by the Commissioner of the General Land Office for failure of the purchaser to file affidavit that he had made settlement thereon as required by the law. The provision for cancellation in such case, contained in section 4 of the Act, applies to purchasers generally; but purchases by lessees are governed by the forfeiture provision of section 5, and are to be cancelled by the Commissioner, not for failure to file affidavit of settlement, but only on the Commissioner being sufficiently informed that the purchaser has failed to comply with the law in regard to settlement and residence.   (Pp. 65-67.)

**2.—Same—Statutory Construction.**

The statute having clearly enacted different provisions as to cancellation of sales to different classes of purchasers, it was not within the province of the courts to question the reason for making such distinction.   (P. 67.)

**3.—School Land—Limitation of Action.**

An action in the Supreme Court for writ of mandamus against the Commissioner of the General Land Office is such a suit as is contemplated by article 5458, Revised Statutes, 1911, sufficient to interrupt the limitation of one year therein provided for bringing action by one claiming the right to purchase school land which has been awarded to another, though the jurisdiction of such court was defeated by the adverse claimant introducing into the case an unfounded issue of fact.   (Pp. 67, 68.)

Error to the Court of Civil Appeals, Second District, in an appeal from Midland County.

Hanna sued Atchison and B. Armstrong. Defendants had judgment which, on plaintiff's appeal, was reversed and rendered in his favor. Appellees thereupon obtained writ of error.

*John B. Howard,* for plaintiffs in error.—The Court of Civil Appeals erred in sustaining the contention of defendant in error Hanna that he was not required to file affidavit of settlement within one hundred and twenty days from the date of the acceptance of his application to purchase the land in controversy, under clause 5 of the Act of 1905, regulating the sale of school lands. Secs. 4 and 5, chap. 12c, Title 87, Acts 1905; Houston v. Koonce, 106 Texas, 50; Good v. Terrell, 100 Texas, 275.

The Court of Civil Appeals erred in holding that the statute of one year's limitation did not bar Hanna's action herein. The filing of a motion for permission to file a petition for mandamus is not the filing of the suit.

*Chas. Gibbs, Theodore Mack,* and *Chas. Rogan,* for defendants in error.—The defendant in error having purchased his land under a preference right as provided by section 5, Acts of 1905, the Commissioner had no authority to cancel his sales for a failure to file his affidavit of settlement in the General Land Office within one hundred and twenty days from the date of the acceptance of his applications. Sec. 5, General Laws 1905, p. 163; Evans v. Terrell, 101 Texas, 167; Arts. 4218ff and 4218fff, General Laws 1897, p. 185; Nesting v. Terrell, 97 Texas, 18; Miller v. Hallford, 34 Texas Civ. App., 243; Roberson v. Sterrett, 96 Texas, 180.

The filing of a motion asking leave to file a petition for a writ of mandamus, it being the first step required in the institution of suit in the Supreme Court, is the filing of a suit within the meaning of article 5458, Revised Statutes of 1911.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The suit was one in trespass to try title instituted by Hanna, the defendant in error, against John Atchison and B. Armstrong, the plaintiffs in error, for the recovery of four sections of public school land in Andrews County.

The lands were originally covered by a State school land lease, owned by Hanna as assignee. In accordance with the provisions of section 5 of the Act of 1905 (General Laws 1905, pp. 159-67), under the preference right bestowed by the Act, Hanna duly filed his application for the purchase of the four sections in the General Land Office on June 15, 1907, and thereon they were awarded to him on June 30, 1907. In accordance with the provisions of the Act and within the time prescribed he duly perfected his settlement upon the land, but failed to file in the Land Office his affidavit showing such settlement as required by the provisions of section 4 of the Act. On account of such failure the Commissioner cancelled the sale to Hanna, and thereafter on application to purchase the four sections were awarded to Armstrong, who made his settlement, and filed his affidavit to that effect in the Land Office within the required time. After residing on the land continuously for more than a year Armstrong sold to Atchison, who thereupon became an actual settler, having fully complied with the law in respect to substitute purchasers, and was in possession at the time of the suit.

Within a year after the award to Armstrong, Hanna, joined by his wife, filed in this court a motion for leave to file a petition for mandamus against the Commissioner of the General Land Office and Armstrong, seeking to have cancelled the award to Armstrong, and to have themselves recognized as the lawful purchasers of the land. The motion was granted and the petition for mandamus permitted to be filed. It was afterwards dismissed for want of jurisdiction, caused by the interposition of Armstrong's answer, which presented a question of fact as to whether in his original purchase Hanna had acted in collusion with one Allen.

To meet the plea of limitation interposed by the defendant, Hanna pleaded that Armstrong had injected, by his answer, the .question of fact in the mandamus proceeding in this court fraudulently, for the purpose of ousting the jurisdiction of this court in that proceeding. Upon the trial the proof was uncontradicted that there was no collusion between Hanna and Allen in the original purchase by the former of the land from the State.

In .the trial court judgment was rendered for the defendants. This judgment was reversed by the honorable Court of Civil Appeals for the Second District, and judgment rendered in Hanna's favor for the land.

The case turns upon the question whether, as determined ·by the provisions of the Act of 1905, there was a lawful forfeiture of Hanna's purchase of the land from the State.

Sections 3 and 4 of the Act contain certain general provisions which are applicable to all sales of surveyed land made under its terms, since they relate to sales, generally, of such land. Among them are the provisions in section 4 in respect to forfeiture for default in the payment of interest, and for transfer of his land by a purchaser prior to his actual settlement.

Section 5, however, very plainly relates to sales under the Act of a particular class of the surveyed lands, namely, sales of lands out of those held under lease from the State; and was intended to confer upon such lessee or his assignee a preferential right to purchase of such lands the quantity allowed one purchaser under the general provisions of the Act. It was under this latter section that the sale to Hanna of the land in dispute was made, it being then held by him as an assignee under lease from the State.

In relation to the occupancy and settlement required of a purchaser of surveyed land, the Act contains two distinct forfeiture provisions, found respectively in sections 4 and 5; one having reference to sales, generally, and the other relating to sales of the particular class of land purchasable under section 5. The provision in section 4 is in the following language:

"The applicant shall have ninety days from the date of the acceptance of his application within which to settle upon the land so purchased, and he shall within thirty days after the expiration of said ninety days given within which to make settlement, file in the Land Office his affidavit that he has in good faith actually in person settled upon the land purchased by him. Should the applicant fail to make and file the affidavit and proof of settlement as herein provided within the time specified, the Commissioner of the General Land Office shall endorse that fact upon his application, cancelling the same, and immediately place the same upon the market, etc."

That in section 5 is as follows:

"One who buys out of a lease as above provided and does not comply with the law .as to settlement and residence, the Commissioner shall, when sufficiently *informed* of that fact, cancel such sale and place the land upon the market for sale as provided in this act for cancelled leases."

While, according to section 4, the failure to make' the required proof of settlement within the prescribed period is constituted a ground for cancellation of sales generally, it is distinctly omitted as a ground of forfeiture from the provision on the same subject found in section 5.

In the latter section a failure "to comply with the law as to settlement and residence" is made a ground of forfeiture, but not the failure *to make proof* that the law had been complied with.

The language used in the above quoted provision of section 5 plainly indicates that as to sales under that section the filing of proof of settlement was not contemplated as the means of affording information to the Commissioner that the law as to settlement and residence had been complied with,—the only purpose of a requirement to that effect,—and that the section was not framed with the view of constituting the failure to make such proof a ground of forfeiture. It will be noted that under that provision the authority of the Commissioner to cancel a sale for failure to comply with the law as to settlement and residence exists only when "he is sufficiently informed of that fact." This reveals that the Legislature intended that his exercise of the power should be dependent upon his having positive information of the fact, and not upon his want of information, or a failure of the purchaser to furnish it.

If it was intended that the quoted forfeiture provision found in section 4 should apply in respect to sales under section 5, why was a forfeiture provision on the same subject of settlement and residence, but couched in different terms, incorporated in section 5? If it was the legislative purpose to authorize cancellation of sales made under section 5 for failure on the part of the purchaser to furnish proof of his compliance with the law as to settlement and residence, why, under the terms of that section, was the Commissioner's authority to cancel for non-compliance with such law conferred in terms which, for its lawful exercise, require that he have positive information of the fact? The difference between the two provisions found in the respective sections can not be ignored. It is no part of our province to inquire why it exists. We are governed only by the statute as we find it.

There is no question but that Hanna fully complied with the law in respect to the settlement and residence upon the land, and the cancellation of his purchase was in our opinion unauthorized.

The filing by Hanna of the mandamus proceeding in this court under its leave, to compel the restoration of his rights as a lawful purchaser of the land can not be considered other than as the institution of "a suit," within the contemplation of article 5458, and was, therefore, sufficient to save his present action from the limitation prescribed by that article. The proceeding was an appropriate one for that purpose; one which it was within the power of this court to entertain; and the issues of which it would have determined but for the injection of an issue of fact upon the question of collusion between Hanna and Allen in the former's purchase of the land, raised by the answer filed by the respondent, Armstrong, one of the plaintiffs in error. According to the findings of the Court of Civil Appeals the proof upon the trial of the

present case was undisputed that there was no such collusion, the defendants having offered no testimony whatever to the contrary. This strongly indicates that that was an unfounded issue in the mandamus proceeding. We think, therefore, that the plaintiffs in error are in no position to contend that the institution of that proceeding was not the filing of a suit within the contemplation of the statute.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*