# MARCH, 1916

### J. H. NATIONS ET AL. v. F. P. MILLER ET AL.

#### No. 2440.   Decided March 1, 1916.

#### 1.—Land Commissioner—Forfeiture.

The Commissioner of the General Land Office is not invested with judicial powers, and acts ex parte, and not on judicial hearing; his authority to declare the forfeiture of the rights of a purchaser of public lands is dependent on the actual existence of the facts which constitute a lawful ground of forfeiture and authorize him to declare it, as in this case, failure of the purchaser to maintain the required residence on the land.   (P. 619.)

#### 2.—School Land—Forfeiture and Resale—Limitation of Action.

Articles 5458, 5459, Revised Statutes (Act of March 16, 1905, Laws, 29th. Leg., p. 35), applies, by its terms, only to persons claiming the right to purchase or lease public land.   They do not conclude one already a purchaser of such land and not in default, whose rights therein have, contrary to the facts, been wrongfully declared forfeited by the Commissioner of the General Land Office for failure to maintain his residence thereon, nor require suit by him to establish them within one year from such forfeiture or from resale.   (Pp. 618, 619.)

#### 3.—Same—Case Stated.

A purchaser of school land made all required payments for three years,. at the end of which time the Land Commissioner declared his purchase forfeited for failure to reside on the land, and afterwards resold the land to another.   The latter brought an action of trespass to try title against such former purchaser more than a year after such resale.   Defendant claimed that, in fact, he had duly kept up his residence on the land.   Held, that, in such case, the forfeiture was unwarranted, his status as a purchaser was not affected thereby, and being a purchaser, not merely one claiming the right purchase, his rights as such were not lost under articles 5458, 5459, Revised Statutes, by his failure to bring action within one year.   (Pp. 617-620.)

#### 4.—Case Distinguished.

Atchison v. Hanna, 107 Texas, 64, 174 S. W., 279, distinguished.   (P. 620.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from El Paso County.

Miller and wife sued Nations and Paschal, who obtained writ of error on the affirmance, on their appeal, of a judgment for plaintiff.

*T. A. Flavey, Robt. L. Holliday,* and *Turney & Burges,* for plaintiffs in error.—Said one year statute of limitation does not apply to one who has purchased, but alone to one who is seeking to purchase and is refused ·an award.   The cancellation of an award by the Commissioner does not affect the rights of a purchaser if the grounds on which the cancellation was made are untrue in fact and the purchaser seeks a judicial determination thereof.   Wyerts v. Terrell, 100 Texas, 409; Slaughter v. Terrell, 100 Texas, 600; Erp v. Tillman, 103 Texas, 574, 131 S. W., 1057; Davis v. Yates,' 133 S. W., 281; Williams v. Keith, 111 S. W., 1056; Campbell v. Enochs, 107 S. W., 878; Buchanan v. Barnsley, 112 S. W., 118; Murphy v. Terrell, 100 Texas, 397, 100 S. W., 130; King v. Robison, 103 Texas, 390, 128 S. W., 368; Adams v. Terrell, 101 Texas, 331, 107 S. W., 537.

The appellant was not conclusively bound by the forfeiture declared by the said Commissioner, but was entitled to show that in truth and in fact he had resided on said land as required by law, and that said forfeiture was null· and void, and said. Paschal still stood as a purchaser of said land.   Smithers v. Lowrance, 100 Texas, 77; Erp v. Tillman, 103 Texas, 574, 131 S. W., 1057; Zettlemeyer v. Shuler, 115 S. W., 78; Bumpass v. McLendon, 101 S. W., 491.

*Peyton F. Edwards, C. W. Croom,* and *John L. Dyer,* for defendants in error.—When an award has been made to a party, until he has complied with the award and completed his purchase and received a patent, . he is still a party seeking to purchase, even though the Commissioner might wrongfully forfeit land, still upon same being done, and the land being subsequently awarded to another, such prior purchaser must institute his suit within one year, or the subsequent award will stand as against his claim, and this notwithstanding the Commissioner may have wrongfully forfeited his right of purchase.   Davis v. Yates, 133 S. W., 285; Murphy v. Terrell, 100 Texas, 397, 100 S. W., 131; Wyerts v. Terrell, 100 Texas, 409, 100 S. W., 133; Slaughter v. Terrell, 100 Texas, 600, 102 S. W., 401; King v. Robison, 103 Texas, 390, 128 S. W., 369; Campbell v. Enochs, 107 S. W., 879; Erp v. Tillman, 103 Texas, 574, 131 S. W., 1061; Smithers v. Lowrance, 100 Texas, 77, 93 S. W., 1066; . Hanna v. Atchison, 141 S. W., 190.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The action was one in trespass to try title brought by Miller and his wife to recover certain sections of land from W. P. Paschal and J. H. Nations, a lessee of Paschal, originally public free school land awarded, on June 26, 1906, by the Commissioner of the General Land Office to Paschal, and thereafter, on June 10, 1909, following a forfeiture by the Commissioner of Paschal's purchase, awarded to Mrs. Miller.   Paschal's purchase of the land was in compliance with the law, and the required payments on his obligation were duly made up to the time of the Commissioner's forfeiture of his purchase on May 24, 1909, and ·have since

been duly tendered. He was in possession of the land at the time of the institution of the present suit. According to the entry made by the Commissioner at the time the forfeiture of Paschal's purchase was "for failure to reside on the land as required by law."

Upon the trial Paschal tendered witnesses to establish that he had continuously resided upon the land from the time of his purchase from the State, but was denied the right to make the proof. A verdict was instructed against him under the view entertained by the trial court that, in virtue of the Act of 1905 (chapter 29, page 35, Acts of 1905), present articles 5458 and 5459, Revised Statutes of 1911, he was concluded in the suit because of his failure to bring an action for the land within one year from the date of the award to Mrs. Miller; this being likewise the view of the Court of Civil Appeals as expressed in its affirmance of the judgment.

The Act of 1905 has been several times considered by this court, but we have not had occasion to determine any case where it was invoked under circumstances similar to those found here. Its provisions are doubtless familiar but we will quote it. It reads:

"Art. 5458. All persons claiming the right to purchase or lease any public free school lands, or any lands belonging to the State university, or either of the State asylums, which have been heretofore, or which may be hereafter, sold or leased to any other person under any provision of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after the date of the award of such sale or lease, and not thereafter."

"Art. 5459. If no suit has been instituted by any person claiming the right to purchase or lease any of said land within the period of time limited in the foregoing article, it shall be conclusive evidence that all the requirements of the law with reference to the sale or lease of such lands have been complied with; provided, that nothing in this and the preceding article shall be construed to affect the State of Texas in any action or proceeding that may be brought by it in respect to any of said lands."

The purpose of the Act is clearly stated in Slaughter v. Terrell, 100 Texas, 600, 102 S. W., 399, as follows:

"Under the law as it previously existed, purchasers of school lands were liable to have their titles attacked by third persons who desired to purchase the land, and such persons might call in question the qualification of the purchaser as well as the performance of conditions prescribed by law, for example, that when the purchase was made the purchaser did not actually reside upon the land, or that he did not intend to make it his home, and thus, although the State recognized his right, the purchaser was constantly exposed to such attacks. This rendered such titles uncertain and to remedy that evil the Legislature enacted the law now under consideration, which requires that any person who desires to purchase land theretofore purchased by another shall bring

his suit to set aside the former purchase within twelve months of the award of it or he will be barred."

Paschal's position in the suit was that the Commissioner's forfeiture of his purchase was wrongful, and his rights to the land, therefore, not affected by it. If it be true that he had not failed to reside upon the land as the law requires, the forfeiture was unauthorized. The Commissioner of the General Land Office, though an officer charged with high and responsible duties, is not invested with judicial powers; and his authority to forfeit a purchase of public lands is dependent upon the actual existence of the facts which constitute a lawful ground of forfeiture and authorize him to declare it. Smithers v. Lowrance, 100 Texas, 77, 93 S. W., 1064; Island City Savings Bank v. Dowlearn, 94 Texas, 383, 60 S. W., 754; Bumpass v. McLendon, 45 Texas Civ. App., 519, 101 S. W., 491; Zettlemeyer v. Shuler, 52 Texas Civ. App., 648, 115 S. W., 78. The action of the Commissioner in such cases is ex parte. The purchaser against whom the forfeiture is declared is entitled to a judicial hearing and determination of the question whether there was any ground for the forfeiture; and of this, a common privilege inhering in every lawful adjudication of property rights, he can not be deprived.

If there was, in fact, no warrant for the forfeiture of the sale of the land to Paschal, and the forfeiture was therefore illegal, leaving, as a necessary result, his right to the land unaffected by it, was his defense to this action by the Millers concluded under the Act of 1905 because of a failure to himself bring a suit for the land within a year from the date of the subsequent award to Mrs. Miller? We do not think so. The Act was intended to apply, and in terms clearly does apply, to persons "claiming the right to purchase or lease any public free school land," etc. It does not purport to deal with one, must less bar his rights, who is not claiming any right to purchase as against an adverse claimant or award, but whose right to the land, if he has any claim to it, is unaffected by another award and is that of an established lawful purchaser, already invested with his interest in virtue of a prior valid sale, originally binding upon the State and still subsisting in full force under the law.

If Paschal's contention in respect to his continuous residence upon the land be true, his rights at the time of the forfeiture of his purchase, the award to Mrs. Miller, and thereafter, as a purchaser under the State's sale, were not less perfect than at their origin. They could not be destroyed by an illegal forfeiture and a subsequent illegal sale to anyone else. If he had complied with the law in respect to residence upon the land, as he proposed to establish by the testimony he tendered in the suit, he was the lawful purchaser of the land at the time of the award made to Mrs. Miller; and, in such event, that continued to be his status thereafter. If such is not his status, it is plain that he has no right to the land; but if it is, it is equally plain that Mrs. Miller has no right to it. He is asserting no other claim in the suit, and it appears has asserted none other to the land. If he is a lawful pur-

chaser because once so recognized by the State and entitled under the law to be still so recognized, as he has the right to establish in Mrs. Miller's suit, he can not in our opinion be regarded as "a person claiming the right to purchase," and the Act of 1905 is therefore without application.

No intimation contrary to this holding is to be found in the opinion delivered in Atchison v. Hanna, 107 Texas, 64, 174 S. W., 279, or in any other decision by this court touching the scope and effect of the Act of 1905. In Atchison v. Hanna, Hanna's purchase was illegally forfeited. After such forfeiture the land was awarded to Armstrong, who sold to Atchison. Within a year after the award to Armstrong Hanna filed in this court a motion for leave to file a petition for mandamus against the Commissioner of the General Land Office and Armstrong, seeking to have the Armstrong award canceled and himself recognized as a lawful purchaser of the land. On this motion the petition was permitted to be filed. It was afterwards dismissed for want of jurisdiction, caused by the interposition of Armstrong's answer presenting a question of fact in relation to Hanna's purchase from the State, which this court, under its jurisdiction, could not determine. It was not held that Hanna was under the necessity of bringing a suit for the land within a year from the date of the award to Armstrong in order to escape the operation of the Act of 1905. Upon this feature of the case it is in the opinion simply declared that, inasmuch as the effect of Armstrong's answer in the mandamus suit was to deprive this court of the authority to determine the issues, Armstrong and Atchison, his vendee, were in no position to say that Hanna had not brought a suit within the contemplation of the Act of 1905.

It is difficult to attribute to the Legislature a purpose to foreclose under the operation of this Act the rights of one whom the State has once recognized to be a lawful purchaser of its public land, which, because of his compliance with the law, have never become legally subject to forfeiture but still subsist. The contemplation of such a result as the consequence of such a statute ought, we think, to be very clearly expressed before the statute is held to have such effect. No such intention is revealed in the terms of the Act of 1905, and we are therefore unwilling to give it such construction.

The judgments of the District Court and honorable Court of Civil Appeals are reversed and the cause is remanded to the District Court.

*Reversed and remanded.*