HENDERSON v. HALEY. (No. 542.)

(Court of Civil Appeals of Texas. El Paso. March 30, 1916.)

PUBLIC LANDS ⬥173(22)—LANDS OF STATE —ILLEGAL FORFEITURE—STATUTE OF LIMITATION—"PERSON CLAIMING RIGHT TO PURCHASE OR LEASE PUBLIC FREE SCHOOL LANDS."

Under Rev. St. 1911, arts. 5458, 5459, providing that all persons claiming the right to purchase or lease any public free school lands, etc., which have been or may be sold or leased to any other person, shall bring suit within a year after the award of such sale or lease, and not thereafter, and that if no suit has been instituted by any person claiming the right to purchase or lease within a year it shall be conclusive evidence that all the requirements of the law with reference to the sale or lease have been complied with, a purchaser of public free school lands, who complied with the provisions of the law relative to occupancy and improvement, against whom the land commissioner forfeited the sale without warranty and illegally, could sue, in trespass to try title, the party to whom the commissioner subsequently awarded the lands, more than a year from the date of the award after the forfeiture against him, not being a "person claiming the right to purchase or lease public free school lands," within the meaning of the statute.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 549; Dec. Dig. ⬥173(22).]

Appeal from District Court, Brewster County; W. C. Douglas, Judge.

Suit by L. Haley against R. L. Henderson. From a judgment for plaintiff, defendant appeals. Affirmed.

Martin & Martin, of Alpine, for appellant. W. Van Sickle, of Alpine, and Geo. M. Thurmond, of Del Rio, for appellee.

HIGGINS, J. Haley brought this suit in trespass to try title to recover of Henderson the N. E. ¼ of section 14 in block WJGS, surveyed by virtue of certificate No. 3735 issued to the Gulf, Colorado & Santa Fé Railway Company. On September 14, 1904, the Commissioner of the General Land Office, upon application filed September 10, 1904, sold and awarded to Haley section 5 in block 13, Galveston, Houston & San Antonio Railway Company survey as an actual settler; the same being public free school land. On April 5, 1906, the commissioner sold and awarded to Haley, upon application filed the same day the E. ½ of said section 14; the same likewise being public free school land. The E. ½ of 14 was sold as additional to the said home section No. 5. On September 24, 1907, the commissioner forfeited aforesaid sales, and indorsed upon Haley's purchase-money obligations, "Land forfeited for failure to reside upon and improve same as required by law," and placed the lands upon the market for sale. On October 5, 1907, Henderson applied to purchase sections 5 and 14, and on October 8, 1912, the commissioner awarded the same to him as additional to his home section No. 3. On December 12, 1912, Haley filed a suit against Henderson in trespass to try title to recover section 5 and S. E. ¼ of section 14. For some reason the N. E. ¼ of section 14 was not embraced in that suit. In said suit Henderson pleaded not guilty. In response to special issues, the jury in that suit found that on September 10, 1904, Haley was an actual settler upon his home section 5 when he applied to purchase same, and actually in person resided upon and occupied the same continuously from September 10, 1904, to September 10, 1907. No issue as to improvements was submitted. Upon such findings, the court in such case entered judgment in Haley's favor, and the same has become final. On September 1, 1914, Henderson filed in the General Land Office proof of occupancy of his home section 3, and certificate of occupancy based thereon was issued by the commissioner. At some time subsequent to September 22, 1914, the Land Commissioner canceled the sale to Henderson of section 5 and the N. E. ¼ of section 14 and reinstated the Haley purchase thereof, and on November 19, 1914, issued to Haley a patent thereto; such action being based upon the aforesaid judgment rendered in Haley's favor in the suit filed December 12, 1912. Henderson has been in

possession of the N. E. ¼ of section 14 since it was awarded to him on October 8, 1912. No suit therefor was brought by Haley until this suit was filed on August 18, 1915.

It is conceded by appellant that the judgment rendered in Haley's favor in the suit filed December 12, 1912, is res judicata of Haley's occupancy of his home section No. 5 and improvement of the lands purchased by him in the manner required by law, and that Henderson in the present suit is precluded from questioning the same. He contends, however, that Haley's right of recovery herein is barred by the provisions of articles 5458 and 5459, R. S., commonly referred to as the one statute of limitation. The opinion of the 'Supreme Court in Nations v. Miller, 183 S. W. 153, recently handed down and not yet officially reported, is decisive of the question presented, and, upon the facts stated, establishes the inapplicability of the statute mentioned.

In the suit filed December 12, 1912, it was established that Haley had complied with the provisions of the law relative to occupancy and improvement, and the action of the commissioner in forfeiting the sale to him was without warrant, in fact, and therefore illegal. His right to the land was unaffected by the unauthorized action of the land commissioner in forfeiting the sale of the land to him. His right was "that of an established lawful purchaser, already invested with his interest in virtue of a prior valid sale, originally binding upon the state and still subsisting in full force under the law." He was not a person "claiming the right to purchase or lease" public free school land within the meaning of the statute mentioned, and the same does not bar his right of recovery herein.

Affirmed.