## GULF PRODUCTION CO. et al. v. CAMP et al.*

### No. 2451.

Court of Civil Appeals of Texas. El Paso.
Oct. 23, 1930.

Rehearing Denied Dec. 4, 1930.

David W. Stephens, of Fort Worth, P. O. Settle, of Houston, H. S. Garrett, of Fort Worth, and Vinson, Elkins, Sweeton & Weems and G. P. Dougherty, all of Houston, for appellants.

C. B. Collard, of Fort Worth, and W. A. Hudson and Jno. W. Pope, both of Dallas, for appellees.

HIGGINS, J.

This is an action by Camp against Wm. Alley, county surveyor, under article 5323, R. S., to establish a vacancy. The alleged vacancy is in Crane county, and thus described:

"Bounded on the South by the North lines of Blocks Nos. 30 and 31, University Lands, the same being the North lines of Surveys 1

*Writ of error granted.

to 6, inclusive, in said Block 30 and the North lines of Surveys 1 to 6, inclusive, in said Block 31; bounded on the West by a line which is a projection northwesterly of the West line of said Block 31, University Land, to an intersection with the South line of Survey 30, Block B—25, Public School Land; and bounded on the North by the South lines of Surveys 25, 26, 27, 28, 29 and 30, Block B–25, Public School Land, and the South lines of Surveys 9, 10, 11 and 12, Block B–24, Public School Land, and the South lines of Surveys 35 and 36, Block 43, Township 4 South, Texas & Pacific Railway Company Surveys; and on the East by the West line of said Survey 35, Block 43, containing 420.2 acres of land."

Various alleged adverse claimants were impleaded, among them being the Board of Regents of the University of Texas. By an amended petition the Board of Regents was dropped from the action. Some of the impleaded parties filed pleas in abatement setting up that the state of Texas was a necessary party defendant. These pleas were overruled and the case tried without a jury resulting in judgment as prayed for by Camp. The adverse claimants appeal. Among other questions presented, they assert the state is a necessary party and that the land in question is embraced in the boundaries of the southern tier of sections in blocks 25 and 24.

Block 43 was first surveyed. The field notes of blocks 31 and 30 were filed in the General Land Office in 1885. The field notes of the various sections in blocks 25 and 24 are all dated December 8, 1900, signed by W. D. Twichell, state surveyor. The evidence discloses that Twichell's field notes were based upon surveying done for him by Robert E. Estes and that Estes only surveyed the north line of blocks 25 and 24, and marked corners at the northwest corners of those blocks. Estes at that time did not survey south of the north line of blocks 25 and 24. The distance calls of the east and west boundary lines of the southern tier of sections in said blocks are 1,969 varas and call for adjoinder with the north line of the northern tier of sections in blocks 31 and 30. No. 25 is the southeast section in block 25. Its field notes are typical of the field notes of all the southern tier of sections in blocks 25 and 24. These field notes read:

"Beginning at S.E. corner Survey No. 24, this Block.

"Thence S. 74° 40' W. 1900.8 varas to SE corner Survey No. 23, this Block.

"Thence S. 15° 20' E. 1969 varas to point in north line Survey No. 2, Univ. Blk. No. 31.

"Thence N. 74° 40' E. 1900.8 varas to SW corner Survey No. 12 Blk. B 24.

"Thence N. 15° 20' W. 1969 varas to the place of beginning."

The theory upon which appellee Camp contends that there is a vacancy between blocks 25 and 24 upon the north, and University blocks 31 and 30 on the south, is that by running course and distance from the two corners in the north line of blocks 25 and 24 as established and marked by Estes in 1900, the south line of said blocks is established about 175.2 varas north of the University blocks. The point presented is whether the distance calls of 1,969 varas as the length of the east and west boundary lines of the southern tier of sections in blocks 25 and 24 shall prevail over the calls for connection with the north line of the northern tier of sections in University blocks 31 and 30.

■ It is well settled in this state that in a proper case an unmarked line will be given the dignity of an "artificial object" and a call for connection therewith will prevail over a variant distance call. The leading case to this effect is Maddox Bros. & Anderson v. Fenner, 79 Tex. 279, 15 S. W. 237. The field notes of the southern tier of sections in blocks 25 and 24 call for adjoinder with the north line of the University blocks.

■ We think the record in this case manifests the evident intention of Surveyor Twichell, in accordance with the instruction of the Commissioner of the General Land Office, to embrace in blocks 25 and 24 all the unsurveyed land then lying west of block 43 and north of blocks 31 and 30. The mistake in the field notes was not in the call for adjoinder, but in the estimated distance necessary to effect such adjoinder. It is inconceivable that the officers representing the state had any idea of leaving between blocks 25 and 24 on the north, and the University blocks on the south, an unsurveyed strip 175.2 varas wide and 10 miles long. We are of the opinion that the call for adjoinder should prevail over the distance call and thus give effect to the intention of the officers representing the state.

See cases cited and quoted in Smith v. Turner (Tex. Civ. App.) 13 S.W.(2d) 152, beginning at page 167.

■ It is contended by appellee that the rule announced in the Maddox Bros. & Anderson Case is inapplicable here because the north line of the University blocks is uncertain. We think the line can be accurately located. It is so assumed by all parties, for they recognize as correct the line as it was surveyed and marked by Estes in 1927. But if the true location of the north line of the University blocks is uncertain, then we regard the state of Texas to be a necessary party defendant as the owner of the University blocks under the rule announced by this court in York v. Alley, 25 S.W.(2d) 193.

Our conclusion, however, is that upon this record it appears the north line of the University blocks can be accurately located, in

which conclusion we are fortified by appellee's recognition that Estes accurately located and marked the line in 1927.

Reversed, and judgment here rendered, decreeing, without prejudice to the rights of the state of Texas, that the land described in the plaintiff's petition is not vacant, unsurveyed, public land belonging to the public free school fund of the state of Texas; that the relief sought by the plaintiff be in all things denied; that County Surveyor Alley, and the impleaded adverse claimants, and each of them, be discharged without day and recover their costs of the plaintiff.

Reversed and rendered.