**PERMIAN OIL CO. et al. v. WESTERN OIL & ROYALTY CO. et al.**

No. 4171.

Court of Civil Appeals of Texas. El Paso, Texas.

Jan. 29, 1942.

Rehearing Denied March 12, 1942.

Application for Writ of Error Refused by Supreme Court

July 22, 1942.

John Sayles, of Abilene, and J. B. Dibrell, Jr., and E. M. Critz, both of Coleman, for appellants.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, Collins, Jackson & Snodgrass, of San Angelo, Hart Johnson, of Fort Stockton, Wagstaff, Harwell, Douthit & Alvis, of Abilene, Turner, Rodgers & Winn, of Dallas, and Scott W. Key, R. H. Whilden, and A. E. Groff, all of Houston, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Pecos County sustaining a plea in abatement urged by defendants. Plaintiff has perfected this appeal therefrom.

The parties will be here designated in accordance with their designation in the trial court.

The Permian Oil Company was plaintiff, and Stanolind Oil & Gas Company, Western Oil & Royalty Company, M. D. Bryant, A. J. Zander, Trustee, A. B. Chandler, Trustee, E. L. Brown, J. A. Glasscock, A. R. Christopher, Thomas W. Skaggs, W. W. Tucker, B. B. Burk, Shell Oil Company, Inc., and Shell Pipe Line Company, were defendants. This case, No. 37-A, was on motion of defendants severed from Cause No. 37, and ordered separately docketed to be separately tried. Thereafter, or upon the order of severance, the plea in abatement was presented and sustained. In substance, the plea in abatement set up that the State was a necessary party to the suit.

Cause No. 37 was an action in trespass to try title, wherein plaintiff sought to recover the title to and possession of Section 103, Block 194, T. C. Ry. Co., Pecos County. Cause No. 37 has once been tried. However, defendants in the instant case were not parties at that time. In that case the trial court instructed a verdict in favor of defendants. Plaintiff appealed and the Court of Appeals affirmed the judgment. On writ of error the Supreme Court reversed the Court of Civil Appeals and reversed and remanded the cause for a new trial. See Permian Oil Co. v. Smith, Tex. Civ.App., 47 S.W.2d 500; Permian Oil Co. v. Smith, Tex.Civ.App., 73 S.W.2d 490, 491, 111 A.L.R. 1152; and Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1175.

Reference is made to the above-cited cases for the history of the case and the discussion of the issues involved in the case at that time.

As has been stated, defendants in the instant case had been made parties to the cause after it had been .remanded. Plaintiff sues for a tract of land described by metes and bounds alleged to be T. C. Ry. Co. Survey 103, Block 194, Pecos County. On the hearing of the plea in abatement it developed that defendants had no interest in, no claim or title to, Section 103. Defendants did claim an oil and gas lease from the State to Section 104, Block 194, T. C. Ry. Co., Pecos County. Section 104 was sold by the State with a mineral reservation. Defendants' lease was executed by the owners of the surface on behalf of the State. This lease reserved to the State a one-sixteenth royalty interest. Plaintiff was one of the surface owners of said Section 104, executed the lease on behalf of the State and on its own behalf under which defendants claim. Section 103 was sold by the State without reservation of the minerals.

In so far as defendants are concerned, plaintiff has title to the tract of land described in the petition, if same was granted by the State to John Monroe as Section 103. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1175. Those defendants holding a lease from the State to 104 likewise rely in part at least on the judgment in Monroe v. Hickox, the source of plaintiff's title. Unless the tract of land described in plaintiff's petition is the tract of land granted by the State as Section 103, plaintiff has no title to the minerals claimed by defendants by virtue of their lease. This should be modified by saying that as one of the owners of the surface estate in Section 104, it does have an interest in a one-sixteenth royalty interest due the owner of the surface in leasing as statutory agent for the State. However this is not a mineral estate. Plaintiff does not assail the order of severance.

Survey 103 was one of four office surveys, being 101 to 104, inclusive, patented and sold by the State on corrected field notes, which called for the southwest corner of Runnels County School Land, and no other calls for any objects upon the ground, either natural or artificial, for any other survey, except that said surveys call for each other. Survey 104 and Survey 102 are mineral classified sections. Situat-

ed on the lands involved herein are numerous producing oil wells of great value.

Who has title to the land described in plaintiff's petition depends upon its location; that is, as to whether same is included in the grant from the State to John Monroe of 103, or is included in his grant from the State to 104. Although this is an action of trespass to try title, a question, however, only of boundary is raised. The correct disposition of the case depends entirely on the correct solution of the question of boundary. The determination of this question of boundary, it is true, determines the question as between the parties as to the title to the minerals underlying the area described by metes and bounds in plaintiff's petition. McDonald v. Humble Oil & Ref. Co., Tex.Civ.App., 78 S.W.2d 1068, writ dismissed, and authorities therein cited; Wright v. Bell, 94 Tex. 577, 63 S.W. 623.

■ The trial court sustained the plea in abatement on the ground that the State was a necessary party in the sense that it was an indispensable party. It is fundamental that neither plaintiff nor defendants could make the State an involuntary party.

■ The general rule for the determination as to who are necessary parties in the sense of indispensable parties is stated in Tex.Jur. Vol. 32, p. 13, in part as follows: "All persons who have or claim a direct interest in the object and subject matter of the suit, and whose interest will necessarily be affected by any judgment that may be rendered therein, are not only proper, but are necessary or indispensable, parties plaintiff or defendant."

This, to us, seems to be substantially the rule governing here. Although the rule is well established, there is some difficulty in applying same.

Defendants rely strongly on the case of McDonald v. Humble Oil & Ref. Co., 78 S.W.2d 1068, 1071, writ dismissed. This case, as the instant case, was a boundary suit. It was there stated: "Being a boundary suit, all persons claiming land on the four surveys are necessary parties * * * or proper parties, subject to be made parties to this litigation at the discretion of the trial court. This conclusion follows, because a judgment in favor of appellants against appellee, tying section No. 14 to section No. 13, would establish the location on the ground of the boundary lines of all four surveys, affecting adversely all claims

to the four surveys; and a judgment creating a vacancy between sections Nos. 13 and 14 would affect adversely the claims to the land on three of the surveys."

This is a copy of a quotation appearing in the last paragraph on page 17 of appellees' brief, cited in connection with a statement of the cases of York v. Alley, Tex. Civ.App., 25 S.W.2d 193, and Gulf Production Co. v. Camp, Tex.Civ.App., 32 S.W. 2d 881.

In considering this case, it must at all times be borne in mind that it was possible for plaintiff to make the owners of the other tracts of land which might be affected by the judgment parties; here, only an Act of the Legislature would enable plaintiff to make the State a party. We do not regard the case of McDonald v. Humble Oil & Ref. Co., as necessarily holding that the parties were indispensable. The holding was that the court might require them to be made parties.

The case of York v. Alley, Tex.Civ.App., 25 S.W.2d 193, writ denied, cited in McDonald v. Humble Oil & Ref. Co., supra, is likewise strongly relied upon as sustaining the judgment rendered in the instant case. That case was instituted under Art. 5323 of the Revised Statutes of 1925, although Judge Higgins, in the course of the opinion, expresses some doubt as to its application in view of the fact that the land involved was concededly the property of the State. Plaintiff was seeking the right to purchase from the State land which concededly was unsold. The real question was as to whether it was University land or unsurveyed land. Only the State was concerned.

In the case of Gulf Production Co. v. Camp, Tex.Civ.App., 32 S.W.2d 881, also cited in McDonald v. Humble Oil & Ref. Co., it was sought to establish a vacancy. It was held that there was no vacancy. Judge Higgins did state, in the opinion written for the court, that the State was a necessary party to the litigation. However, the cause was reversed and rendered for the defendant. On writ of error this judgment was affirmed, Camp v. Gulf Production Co., 122 Tex. 383, 61 S.W.2d 773. In the Supreme Court it was held, in a proceeding in accordance with Art. 5323, that the judgment was binding on the State, although by name the State was not a party thereto. However, this, perhaps, has little bearing on the issue as to the necessity of the State being made a party. In fact, it is perhaps authority for the proposition that in such a case it is indispensable that the judgment be binding on the State, and that the State in substance be a party.

In Gulf Production Co. v. Colquitt, Tex. Civ.App., 25 S.W.2d 989, reformed and affirmed, Tex.Com.App., 52 S.W.2d 235, it was held that the owner of the surface estate executing a mineral lease as agent for the State could not assail such lease without the State being a party. Mrs. Smith was there seeking to set aside a certain lease or leases she had executed, purporting to act as agent for the State. Except as to some 116½ acres the land involved was mineral reserved land of the State; as to the 116½ acres the State had no interest in the minerals. However, this area was leased along with the mineral reserved land, and royalty was provided to be paid to the State. As to this 116½ acres the Court of Civil Appeals held that the State was likewise an indispensable party. The Supreme Court held this was error, and in such respect reformed the judgment of the Court of Appeals.

 It has been long held that one who has the right to acquire the title from the State may assert same against another without the State being a party to the action. Fristoe v. Blum, 92 Tex. 76, 45 S.W. 998; Nations v. Miller, 107 Tex. 616, 183 S.W. 153.

Many times has the title of the lessee holding the same character of estate as defendants here been assailed without the State being a party. Here, plaintiff contends that defendants withhold from it the mineral estate they claim as lessees' of the State. Plaintiff asserts rights under a purchase from the State; defendants likewise assert rights under a purchase from the State.

In the judgment to be rendered, without the State being a party, the title of the State could not be directly affected. It is contended that the State might be affected through the law as announced in the final determination of the case. Concede this, and the effect is not direct. Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953, citing Prairie Oil & Gas Co. v. State, Tex.Com.App., 231 S.W. 1088; Cockrell v. Work, 122 Tex. 406, 61 S.W.2d 787.

In the case of Petroleum Producers Co. v. Reed, 135 Tex. 386, 144 S.W.2d 540, the one question before the court was as to whether, in a suit against a lessee of the

State, the State was an indispensable party. It was held the State was not an indispensable party and the suit might be maintained. Short v. Carter & Bro., supra, was cited as sustaining the holding. In the opinion of the Court of Civil Appeals (Petroleum Producers Co. v. Reed, Tex.Civ. App., 122 S.W.2d 1116) it was stated that under the rule of "stare decisis," the State would not in a later suit be heard to contend that the surveys involved were not adjoining surveys. This question was not discussed in the opinion written by Judge Harvey. The question was discussed in the opinion of Judge Smedley in Short v. W. T. Carter & Bro., cited by Judge Harvey to support the holding in Petroleum Producers v. Reed.

It is no doubt important that there be an end of litigation, and to that end most desirable that all parties be before the court so that a controversy be finally and authoritatively determined. On the other hand, it seems to us that one claiming a title from the State as against one likewise asserting title from the State to the same property should have the untrammeled privilege to assert that title in court. This litigation has pended for a long time. The proper officer of the State can *still*, perhaps, intervene herein if he deems the interest of the State best subserved thereby. That the question of boundary might arise as to part at least of the area here involved was recognized by the Supreme Court in Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569. There the State was a party.

Under the authority of Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953, and Petroleum Producers Co. v. Reed, 135 Tex. 386, 144 S.W.2d 540, we hold that the State was not an indispensable party to the maintenance of this action.

In our opinion the contention of appellees, that plaintiff having acted as agent for the State in consummating the leases with defendants here occupies an adversary position to the State, and for that reason the State is a necessary party, is without merit.

Under the lease the question remains: What area on the ground did the State convey to defendants?

It is ordered that the judgment of the trial court sustaining the plea in abatement be reversed and the case is remanded for trial.