**PRAIRIE OIL & GAS CO. et al. v. STATE.**
(No. 237-3424.)

(Commission of Appeals of Texas, Section B. June 15, 1921.)

**I. Judgment ⚖⇒702—Judgment in suits against persons licensed by the state to explore for oil not binding against the state.**

Where the state was not a party to actions against those to whom it was given permits under Acts Reg. Sess. 35th Leg. (1917) c. 83 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5904–5904w), to explore for oil on lands claimed to belong to the state, judgments rendered in suits against such licensees will not, under Rev. St. art. 5432, be binding against the state; hence a suit by the state to enjoin defendants, who had sued the licensees from drilling on the land involved, will not be dismissed on the theory that the state was bound by the judgment in previous suit.

**2. Mines and minerals ⚖⇒48—Oil is not subject of property except while in actual occupancy.**

Petroleum oil, like water, is not subject of property except while in actual occupancy, and a grant of either water or oil is not a grant of the soil, or of anything for which ejectment will lie.

**3. Mines and minerals ⚖⇒52—Landowner will not be enjoined from drilling on his own property on the theory that it would draw oil from adjacent lands.**

Where defendant, who asserted rights in oil lands claimed by the state, secured a tem-porary injunction restraining licensees from proceeding with operation, the state is not entitled to a temporary injunction restraining defendant from drilling wells on the lines between its own lands and those in controversy on the theory such wells would drain oil from under the lands in controversy, but the state should seek relief from the court's granting the first injunction, for, while oil belongs to the owner of the lands, and is part thereof, yet, when it escapes and comes into the control of another, the title of the first person is gone.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by the State of Texas against the Prairie Oil & Gas Company and others. An order granting temporary injunction was modified and affirmed by the Court of Civil Appeals (214 S. W. 363), and defendants bring error. Modified.

W. J. Oxford, of Fort Worth, Chandler & Pannell, of Stephenville, Vinson, Elkins & Wood, of Houston, and Brooks, Hart & Woodward, of Austin, for appellants.

C. M. Cureton, Atty. Gen., and W. J. Townsend, W. A. Keeling, and W. F. Schenck, Asst. Attys. Gen., for the State.

KITTRELL, J. The facts out of which the litigation in this case arose are, so far as it is necessary to set them forth, as follows:

1. The state issued a permit to one Hodges and another permit to one Collett to explore for oil and gas on certain small areas of land within carefully defined boundaries, in Eastland county, which land the state claimed to be parts of the vacant and unappropriated public domain. The permits were issued pursuant to the provisions of chapter 83 of the Acts of the Regular Session of the Thirty-Fifth Legislature (Vernon's Ann. Civ. St. Supp. 1918, arts. 5904–5904w).

2. The permittees went on the land, and Collett or his assignee, the Gulf Production Company, developed oil, and Hodges or his assignees penetrated nearly to the oil sands.

3. In October, 1918, plaintiffs in error here filed two suits in the district court of Eastland county in the ordinary form of trespass to try title, one of which was against Hodges and his assignees, and one against the Gulf Production Company, assignee of Collett.

4. In the first-named case an injunction was issued restraining the defendants from drilling on the land described in the permit issued to Hodges, and the defendants in that case appealed to the Court of Civil Appeals at El Paso, where the appeal was pending when the state filed its action in the instant case in the district court of Travis county. An injunction was refused in the second case, but it stands for trial on the merits in the district court of Eastland county.

5. On January 29, 1919, the state of Texas filed in the district court of Travis county its

action against the plaintiffs in the two suits in Eastland county, alleging that it was the owner of the legal and equitable title to the land in Eastland county on which it had issued the permits above referred to, and on which its permittees were drilling for oil, and set up the filing of the two suits against its permittees as above set forth, and alleged that injunction had issued against one of its permittees, while the plaintiffs in the Eastland county suits were drilling on their land adjoining that of the state, and that unless restrained they would draw out all the oil under the state's land; and that the state was not a party to the suits in Eastland county, and had not given her consent to be sued therein, and could not be bound by any judgment rendered in these suits; but that its title was clouded thereby, and it would suffer irreparable injury if the defendants were permitted to continue drilling for oil on their own land, while the state's permittees were restrained from drilling on land covered by the state's permit.

6. On an ex parte hearing, and without notice to defendants in the instant case, the district court of Travis county issued its injunction restraining defendants (plaintiffs in error here) both from drilling on their own land and from prosecuting the two suits brought by them in Eastland county.

7. The Court of Civil Appeals for the Third District held the state was not, under the terms and provisions of article 5432, Revised Statutes, a party to the suits in Eastland county, and could not be bound by any judgment rendered therein, and reversed the judgment of the district court in so far as it enjoined the prosecution of the Eastland county suits, but affirmed the judgment of that court in so far as it enjoined the defendants (plaintiffs in error here) from drilling on their own land adjoining the land on which the state had issued permits to Hodges and Collett.

The contention of appellants in the Court of Civil Appeals (plaintiffs in error here) was that the state had to all intents and purposes sold the land, and that the permits issued, taken in connection with the provisions of article 5432, had the effect to make the state a party to the Eastland county suits, and that it would be concluded by any judgment rendered therein because it had by the terms of article 5432 authorized suit against it in Eastland county; hence the suits in Eastland county and the suit filed in Travis county (out of which this appeal arose) were between the same parties with reference to the same subject-matter, and seeking the same relief; therefore the district court of Eastland county, a court of equal and co-ordinate constitutional jurisdiction with that of Travis county, having first obtained jurisdiction, had the right to hold and exercise the same without interference on the

231 S.W.—69

part of any other court of the same jurisdiction.

The Court of Civil Appeals overruled the above-summarized contention, and held that the case is not "within the purview" of article 5432, by which we understand is meant that the state is not, by virtue of that article, a party to the suits in Eastland county to the extent that it will be bound by any decree rendered therein. Article 5432, or at least that part of the same which was construed by the Court of Civil Appeals, reads as follows:

"When any land, lying between older surveys, is held by the Commissioner of the General Land Office to be unsurveyed or vacant land appropriated to the public school fund by the Act of February 23, 1900, and is sold as such under the provisions of this chapter, and thereafter any suit arises between the owner or owners of such older surveys, and the purchaser from the state or his vendees, any final judgment rendered in such suit shall be deemed and held conclusive as to the existence or nonexistence of such vacancy; provided, if in any suit judgment is obtained through collusion or fraud against the state, the same may be set aside and vacated at the suit of the state any time within five years thereafter."

In order that the concrete question presented may be clearly understood, we will set forth the propositions stated by plaintiffs in their application for the writ:

First. The suits in the district court of Eastland county and the suit in the district court of Travis county are in reality between the same parties, with reference to the same matter, and seeking the same relief.

Second. The state has authorized the institution against it of the suits pending in the district court of Eastland county, Tex.

The above propositions are stated under its first assignment of error. The following proposition is stated under the third and fourth assignments of error.

"The court erred in enjoining the appellants from drilling wells on their own land along the line of the land claimed by the state and from taking oil from the wells so drilled on their own land, because the state of Texas does not own the oil beneath the land in dispute, even if it owns said land, until it shall have reduced such oil to possession, and the appellants have a right to drill upon their own land and to take from the well so drilled oil and gas, even though by so doing they draw same from under the land claimed and owned by the state."

The state, defendant in error, states the following counter proposition to all the above propositions of plaintiffs in error, since, as it alleges, all of them embrace the same question of law:

"The suits described pending in the district court of Eastland county were between different parties, and not between parties to this suit; the state was not a party defendant or plaintiff in the suits in Eastland county, and

the district court of Eastland county in neither of said cases attempted to, nor could, obtain jurisdiction of the state of Texas without consent of the Legislature, which has not been granted; that the subject-matter of the suits in Eastland county was not, and could not, be the state's title to the lands described in said suits, nor the lands described in this proceeding, and no judgment or decree rendered in either of said suits could conclude or be binding upon the state, the plaintiff in this action; therefore the district court of Eastland county never acquired jurisdiction over the subject-matter of this action, nor over the parties to this suit, and the district court of Travis county in this action alone has jurisdiction of the parties and subject-matter of the suit, and alone is capable of rendering a decree binding alike on all parties claiming an interest in the lands in controversy."

It is obvious that the propositions and counter propositions above quoted present clear-cut, acute, interesting, and important questions. We will address ourselves first to the first and second propositions of plaintiffs in error, and whether these propositions are sound depends upon the construction of article 5432, Revised Statutes.

It is evident that the state claims that the land upon which it had issued permits was vacant and unappropriated public domain, while the actions brought by the plaintiffs in the Eastland county suits (plaintiffs in error here) are based on the assertion that they own the land; hence it is not vacant.

The inevitable conclusion to be drawn from such a state of facts is that a question of boundary is involved, and that it is sought to determine the question by actions of trespass to try title; indeed, the state, in its petition in the instant case, states in connection with its allegations as to the land on which Hodges was issued a permit that "the real and fundamental matter in controversy in this suit is the title of this plaintiff to the lands herein described, and the lands embraced in this petition"; and, as to the land on which a permit was issued to Collett, it alleges "that in determining the issues in said case it will be necessary for the court to determine the title to the land described in said petition."

In paragraph IV of its petition the state alleges that the land—

"is chiefly valuable as a mineral property, and for the development of oil and gas, and petroleum oil and gas is being produced in large quantities in the immediate vicinity of said lands."

[1] The argument of plaintiffs in error upon the construction of article 5432 is very ingenious and persuasive, but we are of the opinion that the Court of Civil Appeals correctly determined the question. It is clear that the state has not "sold" the land, but has only granted a permit to certain parties to explore it for oil and gas, and, if certain results be obtained, by operation of the stat-ute the permit will eventuate into a lease of indefinite duration, yet the state has issued no patent or other muniment of title to the fee in the land.

The language of the statute is "is sold," not "is leased." As Chief Justice Key very aptly says:

"The statute is, by its own terms, limited to judgments rendered in suits between the owners of older surveys and *purchasers* [italics ours] from the state."

A "lessee" or "permittee" cannot be said to be in legal meaning a "purchaser."

The plaintiffs in the actions in Eastland county asserted that they owned title to land which the state claimed to own, and the title to which it had in nowise parted with. In other words, it had not "sold"; therefore it was not a party to these actions, because its permittees were sued for land as to which they had only a permissive right for a certain purpose. The recital in the state's petition that the land is "chiefly valuable for the minerals and oil and gas" conveys the implication that it had yet other value, separate and apart from the substance under the surface, the right to explore for which it had for a consideration granted to its permittees. The permit with the accompanying right to lease in event of development of oil or gas conclusively implies that it retained the title to the land itself.

[2] The language of Mr. Gould in his work on Waters (2d Ed.) § 291, quoted by Justice White in Ohio Oil Co. v. Indiana, 177 U. S. 190, 20 Sup. Ct. 576, 44 L. Ed. 729, which case is hereinafter cited, is very apposite in this connection:

"Petroleum, oil, * * * like water, * * * is not the subject of property, except while in actual occupancy, and a grant of either water or oil is not a grant of the soil or of anything for which ejectment will lie."

The state is not in a legal sense a party to these actions; therefore, cannot be bound by any judgment entered therein; therefore had the right to assert its title in another action, as the suits in Eastland county and the instant case are not between the same parties, and we know of no law requiring the state to intervene in any action in which the right of its permittees or lessees are involved. Though it might have elected to intervene, it could not be made a party without its own consent.

[3] We come next to consideration of the proposition of plaintiffs in error stated under their third and four assignments, to the effect that the district court erred in enjoining plaintiffs in the suits in Eastland county (defendants in the court below in this action) in drilling for oil on their own land, and that the Court of Civil Appeals erred in affirming such judgment. The question has never been directly before a Texas appellate court so far as our examination of authorities has

revealed, except in the case of Hermann v. Thomas (Civ. App.) 143 S. W. 195. It was held in that case that Hermann could not be prevented from drilling for oil on his own land lying south of and adjoining land to which both he and Thomas claimed title. That, if the result of Hermann drilling on his own land would be that it would draw oil from under the land which Thomas claimed to own, that fact gave Thomas no right of action against Hermann.

In the case of H. & T. C. Ry. Co. v. East, 98 Tex. 146, 81 S. W. 279, 66 L. R. A. 738, 107 Am. St. Rep. 620, 4 Ann. Cas. 827, it was held that the railroad company had the right to bore a well on its own property and use the water for its own purposes, and the fact that the operation of the well decreased, or even exhausted, the water in the well of East gave East no right of action for damages.

In Brown v. Spilman, 155 U. S. 665, 15 Sup. Ct. 245, 39 L. Ed. 304, it is said:

"Petroleum gas and oil are substances of a peculiar character. * * * They belong to the owner of the land, and are part of it, so long as they are on it or in it, or subject to his control, but when they escape and go into other land, or come under another's control, the title of the former owner is gone. If an adjoining owner drills his land and taps a deposit of oil or gas, extending under his neighbor's field, so that it comes into his well, it becomes his property."

In the case of Hague v. Wheeler, 157 Pa. 324, 27 Atl. 714, 22 L. R. A. 141, 37 Am. St. Rep. 736, it is held that the owner of a gas well bored on his own land who did not utilize the gas could not be enjoined, at the suit of another landowner who had a gas well on his land, on the ground that the escape of gas was an injury to the latter. In Jones v. Forest Oil Co., 194 Pa. 379, 44 Atl. 1074, 48 L. R. A. 748, it is held that a landowner could not be enjoined from using a gas pump to increase the flow of gas in his well, on the ground that oil would be drawn from under plaintiff's land.

Neither party to the record has cited the case of Texas Co. v. Daugherty et al., 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989, in which the nature and extent of property rights in oil and gas is ably and exhaustively discussed by Chief Justice Phillips, but we have carefully examined that case, and the conclusion we have reached is intended to be, and we believe is, in entire harmony with the holding therein.

If we correctly construe the holding in that case, it is that the conveyance of "all the oil, gas, coal, and other minerals in and under" land with the right to enter and mine for same, with the habendum clause, and with the recital that the instrument was not intended as a mere franchise, but as a conveyance of the property, but conditioning the conveyance upon the commencement of operation within a certain time, operated to convey a defeasible title in fee to the oil and gas, which was taxable as an interest in the land against the grantee. While, as is said in that case—

"The conveyance of [oil and gas] in place, with a right to the use of the land for their extraction from the earth which may prove, under the instrument, of unlimited duration, creates a freehold interest in the land itself."

Yet it does not appear to us to follow that a landowner can be legally prevented from drilling on his own land lest he draw oil from under adjoining land, since it is the fugitive character of oil which qualifies the title to it, and puts upon the owner of the soil the risk of its flowing from under or being drawn from under the land before he can or has reduced it to possession, and consequent absolute ownership. We are of the opinion that the injunction preventing the plaintiffs in error from drilling on their own land was improperly issued.

It is urged that the permittees of the state are enjoined from drilling on the land claimed to be owned by the state; but it must be assumed that before injunction issued the bond required by statute for the protection of the defendants in the suit in Eastland county was given. If it was not, and the rights of the state, if any it has, are imperiled, it can invoke the equitable powers of the district court of Eastland county for its protection. It will not be contended that, if no action had been instituted by the plaintiffs in the Eastland county cases, the state or its permittees could have enjoined them from drilling on their own lands, and the rule of law has not been changed, because the Eastland county plaintiffs claim that the land occupied by the state's permittees is not vacant, but is their land, and have in pursuance of that claim taken legal action to recover the property, and invoked the equitable power of the district court of Eastland county to prevent injury to their rights.

We recommend that the judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the district court enjoining the prosecution of the Eastland county suits, be affirmed, and that, in so far as it affirmed the judgment of the district court enjoining the plaintiffs in error from drilling on their land, it be reversed, and that judgment be here rendered dissolving the injunction.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.