## MAGNOLIA PETROLEUM CO. v. CONNEL-LEE et al. (Motion No. 8602; 886—4548.)

Commission of Appeals of Texas, Section B.
Oct. 16, 1929.

For original opinion, see 11 S.W.(2d) 158, which reversed judgment of the Court of Civil Appeals in 279 S. W. 597, and for opinion overruling first motion for rehearing, see 14 S.W.(2d) 1020.

W. H. Francis, A. S. Hardwicke, and Wallace Hawkins, all of Dallas, and Conner & McRae, of Eastland, for plaintiff in error.

Burkett, Orr & McCarty, of Eastland, for defendants in error.

LEDDY, J. It is insisted in defendants in error's second motion for rehearing that we erred in holding they waived their right to recover for oil removed by the use of the vacuum pump by not requesting the submission of such issue, for the reason that the trial court, by excluding testimony and limiting the effect of testimony, admitted upon this point, had in fact improperly eliminated such issue from the case.

Proper bills of exception were reserved by defendants in error to the action of the trial court in refusing to permit proof as to the effect of the use of vacuum pump on the amount of oil produced from the leased premises and the consequent reduction in the gravity of the oil produced therefrom. Defendants in error were entitled to fully develop this issue by proper proof if their pleadings asserted a cause of action upon such ground.

The petition upon which a recovery was sought contained no allegation as to the use of the vacuum pump nor that any recovery was sought by reason of the improper use of this or any other appliance in producing oil from the leased premises, nor is there any allegation that there was any diminution in the amount of oil produced or reduction in the gravity thereof by reason of the means used in producing same. It is contended, however, that such cause of action is included in the allegation in the petition that plaintiff in error "took the production from said wells and manufactured same into gasoline in said plant without paying plaintiff anything therefor." This allegation must be read in connection with the prayer in the petition, which is for "an accounting under oath of the amount of gasoline manufactured and sold from said premises since the execution of said oil and gas lease"; and the further prayer that they were entitled to recover the value of *one-eighth of all of the gasoline* pro-

duced and sold from said premises. Neither of these prayers can be appropriately applied to a recovery on account of a diminution in the amount of the one-eighth of the oil occasioned by reason of the use of vacuum pump or for damages sustained on account of a reduction in the gravity of one-eighth of the oil due lessors under the terms of the lease.

In order to set forth a cause of action against plaintiff in error on account of the use of the vacuum pump in producing oil from lessors' premises, we think it essential that the petition should allege the amount and value of the oil removed as a part of the gas by the use of the vacuum pump, or the amount of the loss sustained by reason of the reduction in the gravity of the one-eighth part of the oil due lessors, and to further allege that the use of such appliance in producing the oil was unnecessary and unreasonable, or that the same was fraudulently used to evade the payment of royalties provided for in the lease. In the absence of such allegations no cause of action for the recovery for diminution in the amount of or reduction in the gravity of lessors' one-eighth of the oil by reason of the use of the vacuum pump has been set forth. Livingston Oil Corporation v. Waggoner (Tex. Civ. App.) 273 S. W. 903; Jones v. Forest Oil Co., 194 Pa. 379, 44 A. 1074, 48 L. R. A. 748; Prairie Oil & Gas Co. et al. v. State of Texas (Tex. Com. App.) 231 S. W. 1088; Bassell v. West Virginia Gas Co., 86 W. Va. 198, 103 S. E. 116, 12 A. L. R. 1398.

By analogy the holding of our Supreme Court in the case of Texas Pacific Coal Co. v. Barker, 117 Tex. 418, 6 S.W.(2d) 1031, 1033, 60 A. L. R. 936, sustains the holding here made. It was there decided that no cause of action was set forth because of plaintiff in error's failure to drill wells either to offset producers on adjacent lands or to secure further oil and gas production from the leased premises.

In holding the petition insufficient to state a cause of action, the court, speaking through Justice Greenwood, said:

"The pleading is silent with respect to the amount or value of oil or gas drained from the premises through wells on adjacent tracts, and with respect to the amount or value of oil or gas which would have been produced by plaintiff in error in the exercise of ordinary diligence. *In the absence of such averments, no cause of action was stated for the recovery of damages by the plaintiffs in any amount.*

"The rule which permits a lessor to recover damages for a lessee's breach of covenant to protect or develop oil or gas land rests on the assumption that it can be shown with reasonable certainty *that the lessor has been deprived of the value of his portion of at least a certain quantity of oil or gas, worth a cer-* *tain amount, which the lessee, would have produced had he exercised proper diligence.*"

The petition being lacking in the essentials necessary to set forth a cause of action for recovery because of the use of the vacuum pump in producing oil from the leased premises, there was no error in the action of the trial court in limiting the effect of the evidence admitted on this subject to the causes of action actually pleaded.

The motion for rehearing should be denied, and we so recommend.