**ATLANTIC REFINING COMPANY et al.,**
Appellants,

v.

**BRIGHT & SCHIFF,** Appellee.

No. 13462.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 2, 1959.

Rehearing Denied March 4, 1959.

Black & Stayton, Austin, Stofer, Houchins, Anderson & Hartman, Victoria, John M. Turner, John N. Barnhart, Beeville, for appellants.

Reese Wade, Beeville, Strasburger, Price, Kelton, Miller & Martin, Robert B. Payne, Dallas, for appellee.

POPE, Justice.

This is an appeal from orders which denied a temporary injunction to appellants and granted a temporary injunction to appellee. The suit concerns the nature of the surface rights owned by a mineral lessee. Appellants, The Atlantic Refining Company, Dudley T. Dougherty and Tidewater Oil Company, hereafter referred to merely as Atlantic, own oil and gas leases on lands which have been unitized in the Normanna Gas Field in Bee County. Simon Del Bosque and wife, among many others, were lessors to Atlantic. Located in the middle of this gas field is a small town lot which is 79 feet wide and 130 feet long. Appellee, Bright & Schiff, owns an oil and gas lease on that lot only, and it is not included within the unitized lands. Bright & Schiff obtained a permit to drill on their small lot, but it is too small to accommodate the necessary pits, pumps, tanks and equipment incident to drilling. Bright & Schiff obtained a surface lease from Simon Del Bosque and wife on two lots and part of a third lot adjacent to the Bright & Schiff drill site. Bright & Schiff are using the surface of the three lots for drilling their well on the lot on which they own the minerals. Atlantic owns the minerals under the three lots by reason of an oil and gas lease from Simon Del Bosque and wife.

Atlantic claimed, but was denied, injunctive relief against Bright & Schiff's use of the surface to the three lots. Bright & Schiff claimed and were granted injunctive relief against interference with their drilling operations by using the surface of the three lots. We shall first discuss the denial of injunctive relief to Atlantic. Atlantic claims that the oil and gas lease it holds from Simon Del Bosque granted it certain surface rights, including an implied covenant that the lessor would exclude a competitor who would diminish its mineral estate through drainage. While this suit is solely one for temporary injunction, it is admitted that once the well is completed the action is moot, apparently because Bright & Schiff's further use of the surface to the three lots will become largely unnecessary. Atlantic did not sue its lessor. Instead it has brought the action against Bright & Schiff, the third party, who holds the surface lease from Atlantic's lessor. Atlantic did not prove the terms of its lease with Bosque, but was content to prove only that it held an oil and gas lease. Without proof of the terms of the lease between Bosque and Atlantic, there is no way for this Court to know the nature and extent of Atlantic's

surface rights to this small area, or whether the third party, Bright & Schiff, has done anything to interfere with Atlantic's surface rights. If the lease expressly covers the subject, there is no need to imply covenants. It may even expressly reserve to the lessor the right to lease portions of the surface to other drillers. Atlantic argues that there are implied covenants which would prohibit Bosque from making the surface lease to Bright & Schiff when it already owned the dominant surface estate under its prior lease. Like the trial court, we are unable to imply covenants when we are unable to examine the express covenants.

■■■ A lessee, as a necessary appurtenance to the mineral estate, owns the right to use so much of the surface as may be necessary to enforce and enjoy the mineral estate. "This is because a grant or reservation of minerals would be wholly worthless if the grantee or reserver could not enter upon the land in order to explore for and extract the minerals granted or reserved." Harris v. Currie, 142 Tex. 93, 176 S.W.2d 302, 305. The purpose of this possessory right in the lessee is to enable him to perform under the terms of the lease. Miller v. Crown Central Petroleum Corporation, Tex.Civ.App., 309 S.W. 2d 876; Cozart v. Crenshaw, Tex.Civ.App., 299 S.W. 499; Grubstake Inv. Ass'n v. Coyle, Tex.Civ.App., 269 S.W. 854; 4 Summers, Oil and Gas, § 652. The mineral lessee's dominant estate is recognized because the surface is necessary to the capture of the underlying minerals. The surface owner may use his land in such manner as is consistent with the right to drill and produce oil and gas. McMahon, Sixth Institute on Oil and Gas, 231. It becomes apparent, therefore, that a lessee who would enjoin surface uses by a lessor, or another under his lessor, must prove that the use interferes with the reasonable exercise of his own rights under his own lease. To do this he must prove that he needs the surface at the time and place then being used by the other user. Grubstake Inv. Ass'n v.

Coyle, supra; Mid-Texas Petroleum Co. v. Colcord, Tex.Civ.App., 235 S.W. 710; Humble Oil & Refining Co. v. L. & G. Oil Co., Tex.Civ.App., 259 S.W.2d 933.

Atlantic, the lessee, failed to prove its own need of these small lots for the purpose of drilling or producing on the premises. Upon learning that Bright & Schiff planned to drill their well, Atlantic moved onto the three Bosque lots and started the erection of a warehouse along the closest boundary, started the construction of a small tool house, said it intended drilling an oil well, and moved in equipment to commence drilling a shallow water well. The trial court was not impressed with this sudden evidence of need, especially since Atlantic owned other ample and suitable acreage on which to drill and do those things. The trial court regarded these operations as obstructive rather than manifestations of Atlantic's need of the surface, and denied its injunction.

■■■ Atlantic complains that the use of the surface to the three lots will enable Bright & Schiff to complete a gas well on its small lot which will drain minerals from beneath the lots under which Atlantic owns the minerals. The reasoning is that Atlantic owns the minerals and Atlantic's lessor is prohibited from so using the surface as to diminish the value of Atlantic's mineral estate. No Texas case has been found in support of that idea. As already discussed, Atlantic's rights in the surface are in aid of its own operations, but not by way of prohibition against other operations which do not interfere with Atlantic. Atlantic emphasizes that the gas reserves beneath the Bright & Schiff lot are worth only $15,000, whereas a completed well would be worth a million dollars because gas would flow from beneath Atlantic's leases. The trial court found that Atlantic would suffer no drainage at all. Drainage presents no new problem. The rule of capture is settled law. Ryan Consolidated Petroleum Corp. v. Pickens, 155 Tex. 221, 285 S.W.2d 201; Elliff v. Texon Drilling Co., 146 Tex. 575, 210

S.W.2d 558, 4 A.L.R.2d 191. Under that rule, an injunction may not be used as an instrument to protect a lessee from the risk of drainage. Prairie Oil & Gas Company v. State, Tex.Com.App., 231 S.W. 1088.

■ The trial court granted an injunction against Atlantic for interfering with Bright & Schiff's use of the surface to the three Bosque lots. The proof showed that prior to the injunction Atlantic and other mineral lessees moved in materials and commenced the erection of structures at places which would have made Bright & Schiff's surface use impossible. The proof showed also that these operations were not necessary to the enjoyment of their mineral rights. The trial court found that this activity was conducted for the sole and only purpose of wilfully and unlawfully obstructing, hampering and preventing the Bright & Schiff drilling operations.

The decree of the trial court granted Bright & Schiff an injunction and denied an injunction to appellants. The decree is affirmed.