**HERNDON et al. v. HAYTER.**

No. 2390.

Court of Civil Appeals of Texas. El Paso.

May 1, 1930.

Rehearing Denied May 22, 1930.

Howell Johnson and W. A. Hadden, both of Ft. Stockton, for appellants.

R. D. Blaydes and W. C. Jackson, both of Ft. Stockton, for appellee.

HIGGINS, J.

On September 13, 1923, appellee Hayter owned a section of public free school land in Pecos county, which had been theretofore sold and awarded to him by the state with mineral reservation.

On the date stated Hayter, in consideration of $64, conveyed to appellant Herndon an undivided one-half interest in all of the oil, gas, coal, and other minerals in or under the land. In the plaintiff's petition this conveyance is referred to as an agreement. In this transaction Hayter acted for himself and not as agent for the state. Herndon assigned undivided interests in the minerals to various persons. At the time Hayter conveyed such interest there was no mineral lease upon the land.

On July 25, 1929, Hayter brought this suit against Herndon and his assignees. On the trial he was permitted to amend his petition by interlineation so as to show that in suing he was "acting individually and on behalf of and as agent of the State of Texas."

Judgment was sought "for plaintiff for the title and possession of said lands and judgment cancelling said agreement between plaintiff and the said O. K. Herndon, defendant, and the record thereof as herein described, and that all assignments, transfers, and conveyances growing out of said agreement to and with the said Herndon and the records thereof be cancelled and held for naught."

Judgment was rendered in Hayter's favor, in his individual and representative capacities, for the land and all mineral therein, and the mineral deed aforesaid, together with all assignments by Herndon, were canceled and removed as a cloud upon plaintiff's title. Judgment was also rendered in Herndon's favor for said $64, with interest. The defendants appeal.

■ The only assignment of error which need be considered is that complaining of the overruling of a general demurrer to the peti-

tion. The plaintiff pleaded specially the facts upon which recovery was sought. In such case the sufficiency of the facts pleaded to state a cause of action may be tested by demurrer and the allegations of the statutory action of trespass to try title contained in the petition may be disregarded in determining the sufficiency of such petition. Snyder v. Nunn, 66 Tex. 255, 18 S.W. 340; McDonald v. Red River, etc., 74 Tex. 539, 12 S.W. 235; National, etc., v. Maris (Tex. Civ. App.) 151 S.W. 325; Gatewood v. Graves (Tex. Civ. App.) 241 S.W. 264.

The petition alleges the facts detailed above and additional averments in substance as follows: That upon September 13, 1923, plaintiff had no title to or interest in the minerals in the land; and he did not act or attempt to act for the state of Texas; that upon said date plaintiff and Herndon were of the erroneous opinion that plaintiff had an interest in the minerals and could sell same; plaintiff and Herndon were mutually mistaken in this respect; that the claim of Herndon and his assignees "are a cloud upon plaintiff's title and that same prevent plaintiff from being able to represent the State of Texas as agent (he being the surface owner of said land) as provided by law, that as long as said contract and assignments are permitted to remain as they now are, plaintiff will be unable to contract with any one for prospecting for and developing the minerals reserved in said land by the State; that there are probably oil and gas under said land, and said agreement and assignments, as long as they remain of record, and uncanceled by this Court will prevent plaintiff from leasing or contracting and leasing said lands and prevent the development of same and thereby nullify the law of the State of Texas, which authorizes the owners of the surface of lands, the minerals in which have been reserved by the State of Texas, from having the same prospected and developed and such condition will continue to exist unless this court cancels and holds for naught the agreements and assignments herein described."

■ Hayter was wholly without authority to represent the State of Texas in this litigation. Section 22, art. 4, Constitution; Gulf Production Co. v. Colquitt (Tex. Civ. App.) 25 S.W.(2d) 989.

■ The title to the minerals in the land is vested in the state. Hayter has no title thereto. Greene v. Robison, 117 Tex. 516, 8 S.W.(2d) 655; McDonald v. Dees (Tex. Civ. App.) 15 S.W.(2d) 1075.

■ Having no authority to sue in behalf of the state and no title of his own, it follows Hayter cannot recover the mineral interest. Gulf Production Co. v. Colquitt, supra.

If the instrument of September 13, 1923, casts any cloud upon the title to the minerals, as to which we express no opinion, such cloud is upon the state's title and the right of action for its removal is vested in the state and not in Hayter.

■■ The instrument may possibly affect a royalty interest which may hereafter accrue to Hayter under some valid lease hereafter to be executed by him as agent for the state. Assuming it does, the petition shows no ground for canceling the instrument. It is true the petition shows that in executing the instrument the parties were mutually mistaken in the assumption that Hayter had an interest in the minerals and could sell same, but this mistake enured to the benefit of Hayter and to Herndon's injury. Hayter was paid a valuable consideration by Herndon for a half interest in the minerals, and this Herndon has not received. A mutual mistake affords no right of cancellation and recission in favor of the party to the contract who has profited by such mistake. The one who has suffered by the mistake may complain, but not the one to whose benefit the mistake inured. 1 Black on Res. and Cancellation, § 154.

The defect in the petition cannot be cured by amendment. Accordingly, the judgment is reversed, and judgment dismissing the suit is here rendered.

Reversed and rendered.