MAGNOLIA PETROLEUM COMPANY ET AL. V. RAILROAD COMMISSION OF TEXAS ET AL.

No. 7081. Decided July 22, 1936.
Rehearing overruled October 21, 1936.
(96 S. W., 2d Series, 273.)

*Andrews, Kelley, Kurth & Campbell*, and *Parmer Bradley*, of Houston, *Powell, Wirtz, Rauhut & Gideon, Greenwood, Moody & Robertson*, of Austin, for plaintiff in error.

It was error for the Court of Civil Appeals to reverse and remand the judgment of the trial court when it should have reversed and rendered judgment. Gay v. Jackman, 254 S. W., 927; Sovereign Camp v. Patton, 117 Texas, 1, 295 S. W. 913; Atlantic Oil Production Company v. Railroad Commission, 85 S. W. (2d) 655.

*Smith, Brownlee, Goldsmith & Bagby*, of Austin, *William McCraw*, Attorney General, and *Harry Pollard*, Assistant Attorney General, for defendants in error.

There being a conflict of evidence, the Court of Civil Appeals did not have the power to reverse the judgment of the trial court and render judgment for the plaintiff in error, nor has the Supreme Court power to do so. Patrick v. Smith, 90 Texas, 267, 38 S. W., 17; Choate v. San Antonio & Aransas Pass Ry. Co., 91 Texas, 406, 44 S. W., 69; Edwards v. Edwards, 295 S. W., 581.

MR. JUSTICE SHARP delivered the opinion of the court.

On March 8, 1934, the New Process Production Company had five producing oil wells on an 8.61 acre tract of land situated in Gregg County, and filed with the Railroad Commission an application for a permit to drill three additional wells on said tract. Notice of this application was given, and a hearing was had before J. T. Elliott, Chief Deputy Supervisor of the Oil and Gas Division of the Railroad Commission, and on May 4, 1934, he recommended "that the Commission sign the attached order denying these applications." On May 7, 1934, the Railroad Commission entered its order denying the application to drill the three additional wells. It appears that on June 29, 1934, the Railroad Commission, without notice to the parties interested, entered an order granting the application of the New Process Production Company for a permit to drill the three wells. It further appears that the permit was granted under an exception of Rule 37 of the Commission.

The Magnolia Petroleum Company, the General Crude Oil Company, and the Sun Oil Company filed this suit against the Railroad Commission and the New Process Production Company as an appeal from the order granting permission to drill the three wells on the 8.61 acre tract of land. The purpose of the suit was judgment cancelling and annulling the order of the Railroad Commission which granted the application for the drilling of the three wells, and perpetually enjoining the New Process Production Company from drilling or operating any of said wells, and from producing any oil therefrom.

The case was tried before the court without a jury, and resulted in a judgment that the New Process Production Company and the Railroad Commission have judgment, and that plaintiffs in error take nothing by their suit and all relief prayed for by them be denied. An appeal was taken by plaintiffs in error, and the Court of Civil Appeals at Amarillo reversed and remanded the cause. 90 S. W. (2d) 659. We refer to the opinion for a more detailed statement of the facts involved. This Court granted a writ of error on the ground

that the Court of Civil Appeals should have reversed and rendered the cause, instead of reversing and remanding it, as was done.

We quote the following from the opinion rendered by Chief Justice Hall, speaking for the Court of Civil Appeals:

"The first assignment of error, submitted as a proposition by the appellants, is that the Court erred in rendering judgment against the plaintiffs because they pleaded and the undisputed evidence showed that the Railroad Commission, on the 7th day of May, 1934, entered its order denying the application of defendant, New Process Production Company, for a special permit to drill wells Nos. 6, 7 and 8, and that thereafter, without the issuance of any new notice, the said Commission made an order granting said application, and the latter order was void because of the failure to issue or serve notices. The contention of the appellee is that no such order was ever made and signed.

"We think the record sustains the appellants' contention. The bound book containing the original signed orders of the Railroad Commission in cases coming under Rule 37 was produced in court by Miss Rose Modrall who was 'Permit Clerk' of the Oil & Gas Division, and who has charge of these records, and she testified with the record book of orders before her. The original signed order, dated May 7, 1934, denying the application for the wells herein involved was in that book and was introduced in evidence, and by agreement a certified copy of this order was filed in lieu of the original. There could be no more conclusive proof than the order itself. Miss Modrall further testified that it was her duty to send out notices to the applicant of the orders of the Railroad Commission, either granting or denying permits, and that she made a notation in the corner of the written recommendation of J. T. Elliott, (deputy supervisor who conducted the hearing), as follows: '6-21-34,' and that this notation was made by her to indicate the date she mailed to the applicant the copies of the order denying permit for drilling the proposed wells Nos. 6, 7 and 8. The parties were represented by their attorneys at the hearing on May 1st.

\* \* \* \* \* \* \*

"It has been held that the jurisdiction of the Commission ends when it enters an order denying an application of this character, and that its further jurisdiction cannot be invoked except upon notice and hearing, as to which the record is silent. Sun Oil Co. v. Gillispie, 85 S. W. (2d) 652; Rabbit Creek Oil

Co. v. Shell Pet. Corp., 66 S. W. (2d) 737. We are convinced that the evidence is sufficient to establish that a duly signed order was entered denying the New Process Production Company's application. As suggested by appellants, the Railroad Commission is a very busy arm of our State Government, and doubtless overlooked the fact that an order had been entered denying the application. Since this ended its jurisdiction, no subsequent order could be entered without a hearing and notice to all lease owners and a formal order entered setting aside the prior order. It is not claimed that any notice was given to anyone prior to the time the Commissioners signed the second order, nor was there any hearing except the original hearing on May first, after which the order denying the issuance of a permit was entered.

\* \* \* \* \* \* \*

"Since the record shows that a valid order was originally entered on May 8th, and since the appellee, New Process Production Company, is presumed to know that the order was entered, it would be gross injustice to enforce the rule in defense of its action under a void order subsequently made.

\* \* \* \* \* \* \*

"The New Process Production Company introduced no testimony whatever to show that the three additional wells were necessary to prevent drainage and confiscation of appellee's property, or would, if drilled, result in underground waste and increased fire hazard. The uncontradicted testimony is to the contrary. No evidence was introduced by the New Process Production Company at the hearing that tended to show that their lease was suffering drainage from adjacent wells. On the other hand, the testimony introduced by appellants tended to show that with the five wells already on the 8.61 acres, that Company was getting more than its pro rata share of oil from the lease considered as a whole."

■ The Legislature in the exercise of its power has passed regulatory laws controlling the production of oil and gas and also prohibiting the waste of oil and gas in this State, and has placed the duty upon the Railroad Commission to carry out the details under the provisions of the statutes, Title 102, Vernon's Annotated Texas Statutes and Supplements thereto.

In the exercise of its power, under the law, the Railroad Commission adopted Rule 37. Under the Rule special permits to drill wells may be granted under certain exceptions. At the time of the refusing and granting of the orders to drill

the three wells in controversy by the Railroad Commission, H. B. No. 388, c. 313, passed by the 41st Legislature at its regular session, page 696 was in force, Sections 5 and 6 of which read as follows:

"Sec. 5.  No rule or regulation shall be adopted under the provisions of this Act or under the Provisions of Title 102 of the Revised Civil Statutes of Texas, 1925, dealing with the conservation of oil and gas and the prevention of the waste thereof, except after hearing upon at least ten days notice given in the manner and form prescribed by the Commission.

"Sec. 6.  If any person, firm, corporation or other party at interest be dissatisfied with any rule, regulation or order adopted by the Commission in pursuance of the provisions of this Act such dissatisfied party may file a petition setting forth the particular cause of objections thereto in a Court of competent jurisdiction in Travis County against the Commission as defendant.  Said action shall have precedence over all other causes on the docket of a different nature and shall be tried and determined as other Civil cases in said Court.  Either party to said action may have the right of appeal; and said appeal shall at once be returnable to the Appellate Court, and said action so appealed shall have precedence in said Appellate Court of all causes of a different character therein pending. If the Court be in session at the time such right of action occurs the suit may be filed during such term and stand ready for trial after ten (10) days notice.  In all trials under this Section the burden of proof shall rest upon the plaintiff."

Rule 37 provides a spacing rule to govern the drilling of wells and certain exceptions thereto.  The Rule further provides that:

"Such exception shall be granted only after at least ten days notice to all adjacent lessees affected thereby has been given, and after public hearing at which all interested parties may appear and be heard, and after the Commission has determined that an exception to such rule is necessary either to prevent waste or to protect the property belonging to applicant from confiscation."

It is well settled that under the general provisions of the law the Railroad Commission acts in a quasi-judicial capacity. See Articles 6024, 6025, 6029, 6033, 6036, and 6036a, Vernon's Annotated Texas Civil Statutes.  The Railroad Commission has the power to issue and cause process to be served by its own officers, to enter orders which are final, unless set aside on

appeal, and to enforce its judgments which govern valuable property rights. Brown et al. v. Humble Oil & Refining Co., 126 Texas, 296, 83 S. W. (2d) 935, 99 A. L. R., 1107, and authorities cited.

■ The order entered by the Railroad Commission on May 7, 1934, denying the permit to drill the three additional wells, was a final order, and its further jurisdiction of that order, under the law, could not be invoked, except upon motion and hearing, which the Court of Civil Appeals found was not had. This Court has repeatedly held that an order of the Railroad Commission, regular on its face, is presumed to be valid, and will be enforced unless set aside in a direct proceeding brought for that purpose; and, furthermore, it is not subject to collateral attack. West Texas Compress Co. v. Panhandle & S. F. Ry. Co., 15 S. W. (2d) 558; Texas Steel Co. v. Ft. Worth & D. C. Ry. Co., 120 Texas, 597, 40 S. W. (2d) 78, and cases cited. It appearing to be unquestioned that the order entered on May 7, 1934, by the Railroad Commission, denying the permit to drill the three additional wells, is valid, and that it has never been set aside in a manner provided for by law, the Court of Civil Appeals should have reversed and rendered judgment in favor of plaintiffs in error in this cause. Article 1856, Vernon's Annotated Texas Civil Statutes; Sovereign Camp, W. O. W. v. Patton, 117 Texas, 1, 295 S. W., 913; Gay v. Jackman, 254 S. W., 927.

The Court of Civil Appeals correctly decided the other questions presented.

Therefore, the judgment of the Court of Civil Appeals reversing the judgment of the trial court will be affirmed, and that part of the judgment of the Court of Civil Appeals remanding the cause will be reversed, and judgment will be entered herein for plaintiffs in error cancelling and annulling the order entered by the Railroad Commission granting the application of the New Process Production Company a permit to drill the three additional wells in controversy.

Opinion delivered July 22, 1936.

Rehearing overruled October 21, 1936.