## SPROLES MOTOR FREIGHT LINE, Inc., et al. v. SMITH et al.

### No. 8899.

Court of Civil Appeals of Texas. Austin.
July 5, 1939.

Rehearing Denied July 22, 1939.

Rawlings & Sayers and Nelson Scurlock, all of Fort Worth, for appellants.

Grady Woodruff, of Decatur, and Felts, Wheeler & Wheeler, of Austin, for appellee Eli Morgan.

Gerald C. Mann, Atty. Gen., and George W. Barcus, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

BAUGH, Justice.

This suit arose as follows:

Eli Morgan applied to the Railroad Commission for a certificate of convenience and necessity to operate motor trucks as a common carrier over numerous designated highways in Texas. After extensive hearings on this application, the Railroad Commission, on October 4, 1938, entered its order denying the application, and filed therewith, as required by statute, extensive fact findings as reasons for its refusal. This order of denial contained the following provision: "It is further ordered by the Commission that this order shall not be final and become effective until 20 days after it is actually signed by the Commission; provided, that if a motion for rehearing of the application be filed by any party at interest within such 20-day period, this order shall not become effective until such motion is overruled, or, if such motion be granted, this order shall be subject to further action by the Commission."

Thereafter, on October 6th, the applicant, Eli Morgan, filed his motion for rehearing, wherein he sought, first, to have the Commission reconsider its action in denying his application, and upon the facts disclosed in previous hearings grant his certificate on the record already before the Commission; or, second, that if this be

denied, then that a rehearing be granted and he be given opportunity to present to the Commission additional facts and evidence to show that he was entitled to such certificate.

On November 1, 1938, the Commission entered its order granting such motion for rehearing. Thereupon, the appellants herein, who protested Morgan's application before the Commission, on November 28, 1938, filed this suit against Morgan and the Commission, whereby they sought to set aside the order of the Commission granting the rehearing, and to restrain the Commission from exercising any further jurisdiction over Morgan's application, and from issuing any further orders or certificates in connection therewith.

In reply to this, Morgan and the Commission filed a plea in abatement to this suit on the ground that the Commission had not entered a final order on Morgan's application; that the application was still pending before the Commission; and that therefore the district court had no jurisdiction. This plea was sustained and the suit dismissed; hence this appeal.

The first contention made by appellants is that when the Commission entered its order of denial on October 4, 1938, that order was final; that it lost jurisdiction to enter any further orders in the premises; and that it could not by the provision above quoted, retain jurisdiction of Morgan's application.

 This contention is not sustained. It is now settled that an appeal from a final order of the Commission by suit filed in the district court in the manner prescribed by the statute, is available to an interested party. Manifestly, such a proceeding contemplates suits only as to final orders of the Commission. Even without the recital above quoted in the order here involved, the Commission under its own rules giving interested parties 20 days after the entry of such an order within which to file a motion for rehearing, could have retained jurisdiction over the subject matter of its order to the extent of hearing such motion. This rule of the Commission is set out in Smith v. Wald Transfer & Storage Co., Tex.Civ.App., 97 S.W.2d 991, 993, and need not be repeated here. Such a rule is manifestly not unreasonable, is fair to all parties concerned, and affords the Commission an opportunity upon a proper showing to correct any errors or mistakes it may have made in its original order. And it has been repeatedly held that an interested party should not resort to the courts to protect his rights, so long as he has available to him a resort to the Commission to do so.

 While it has been held in some cases that the Commission is without power to review its own orders, this holding manifestly applies to orders of the Commission which have become final; and denies to the Commission power to subsequently review in a judicial capacity orders theretofore entered which have become final.

 The appellants did not allege in their petition that the Commission had granted to Morgan a certificate of convenience and necessity; nor did they allege that he was operating or attempting to operate motor trucks as common carriers under and by virtue of the order of the Commission granting him a rehearing. Having asked in the alternative that he be given opportunity to present further evidence to the Commission on his application; the order of the Commission granting him a rehearing can not, we think, be construed as anything more than giving him an opportunity to do so. Under these circumstances, and under the holdings of this court in numerous decisions, having denied his application, the Commission could not thereafter reverse its order and grant such application without a further hearing upon due notice given to the protestants. See Rabbit Creek Oil Co. v. Shell Pet. Co., Tex.Civ.App., 66 S.W.2d 737; Sun Oil Co. v. Gillespie, Tex.Civ.App., 85 S.W.2d 652; Magnolia Pet. Co. v. R. R. Com., 128 Tex. 189, 96 S.W.2d 273. Since appellants failed to allege that Morgan was operating his trucks over the routes applied for, we must assume that the Railroad Commission, in accordance with its order granting the motion for rehearing, will, in keeping with these decisions, set same down for further hearing at a designated date, and notify the interested parties accordingly.

Under the facts and circumstances above stated, it is clear, we think, that the order of the Commission attacked in this suit was not a final order; and that therefore the trial court was without jurisdiction. The judgment will therefore be affirmed.

Affirmed.