EXXON CORPORATION et al., Appellants,

v.

The FIRST NATIONAL BANK OF MIDLAND, Midland, Texas, et al., Appellees.

No. 6455.

Court of Civil Appeals of Texas, El Paso.

Oct. 22, 1975.

Rehearing Denied Nov. 12, 1975.

112

Stubbeman, McRae, Sealy, Laughlin & Browder, William B. Browder, Jr., Midland, McGinnis, Lochridge & Kilgore, Robert C. McGinnis, Peter M. Lowry, Austin, Walter B. Morgan, Houston, John L. Hill, Atty. Gen. of Tex., David Kendall, First Asst. Atty. Gen., Linward Shivers, Austin H. Furse, J. Milton Richardson, Asst. Attys. Gen., Austin, for appellants.

Bullock & Scott, Russell W. Neisig, Midland, for appellees.

## OPINION

PRESLAR, Chief Justice.

Appellees as plaintiffs brought this suit seeking to set aside a Railroad Commission Order pooling the minerals under land of which they were the surface owners under the Relinquishment Act. The State of Texas intervened, and all parties sought summary judgments. The trial Court denied the summary judgment of defendant Exxon, and of the intervenor, the State of Texas, and granted the summary judgment of the Plaintiffs-Appellees. We reverse the judgment of the trial Court and render judgment for the State of Texas and Exxon Corporation.

Questions on appeal involve the authority of individuals to represent the State, the validity of Railroad Commission Orders, and collateral attack on such Orders.

Appellees filed this suit in 1972 against the Exxon Corporation alleging that the Exxon Corporation had obtained an Order of the Railroad Commission of Texas dated August 3, 1967, purporting to establish a pool unit involving Relinquishment Act land of which plaintiffs were the owners of the soil. It was alleged that the Order was of no force or effect as to the State's interest or as to the plaintiffs' interest in the land involved because of lack of jurisdiction of the Railroad Commission. Appellees also sought to set aside an instrument dated November 2, 1971, by which the Commissioner of the General Land Office gave the State's "consent and ratification" of an earlier 1967 voluntary pooling agreement involving this land. The State of Texas intervened and aligned itself with Appellant Exxon.

The Railroad Commission Order under attack is dated August 3, 1967, and the effect of the Order is to force pool 673.27 acres of land in the Gomez Gas Field of Pecos County, Texas. Included is a 307.17 acre tract in which the Appellees own the surface and are entitled to receive ⅛th of ⅟₁₆th of the royalty, and it is Relinquishment Act or mineral classified land. Prior to the Railroad Commission Order, Exxon, as applicant for a forced pooling order, sought and obtained consent from the State of Texas to proceed with forced pooling pursuant to Article 6008c, Tex.Rev.Civ.Stat.Ann. The sufficiency of that consent is questioned by Appellees. Also, prior to the Order of the Railroad Commission, Exxon circulated a voluntary gas pooling agreement to all interest owners in the unit. This agreement constituted the offer to pool voluntarily, which under Article 6008c is a prerequisite to compulsory pooling. The agreement was executed by some but not all of the interest owners in the proposed unit. It was not executed by the Commissioner of the General Land Office. It was, however, ratified by him by the "consent and ratification" of November 2, 1971. The Commissioner of the General Land Office did, however, consent to the compulsory pooling as required by Article 6008c.

Pooling can either be effected by a voluntary consent or by forced pooling under Article 6008c. Both methods are involved here, but we will not discuss the voluntary agreement and its related consent and ratification instrument because we uphold the forced pooling order of the Railroad Commission.

The judgment of the trial Court is in error because the plaintiffs had no authori-

ty to represent the State of Texas. The relief sought by the Appellees as plaintiffs was a Court finding that the Railroad Commission Order was not binding upon or of any force and effect as to any interest of the State of Texas. The Court's judgment held that the Order of the Railroad Commission was not "binding upon or of any force or effect as to the oil and gas rights of the State of Texas or surface rights appurtenant thereto." The Attorney General had intervened and was representing the State in asserting that the Order was valid and binding upon the State of Texas. The judgment of the Court allows an agent to defy his principal in the control of the principal's property. The effect of the judgment, for all practicable purposes, is to declare the Order of the Railroad Commission invalid or void. In *Agey v. American Liberty Pipe Line Co.,* 141 Tex. 379, 172 S.W.2d 972 (1943), plaintiff sued on his own behalf and on behalf of the State to recover certain statutory penalties. In holding the plaintiff had no authority to assert any interest for the State, the Court said:

> "The Attorney General is the chief law officer of the State, and it is incumbent upon him to institute in the proper courts proceedings to enforce or protect any right of the public that is violated. Section 22 of Article 4 of the State Constitution, Vernon's Ann.St.; 5 Tex.Jur., p. 373, § 5. He has the right to investigate the facts and exercise his judgment and discretion regarding the filing of a suit. 5 Tex.Jur., p. 380, § 8."

In *Herndon v. Hayter,* 28 S.W.2d 885 (Tex. Civ.App.—El Paso 1930, writ ref'd), a trespass to try title suit involving Relinquishment Act land, the plaintiff sued "individually and on behalf of and as agent of the State of Texas." The Court said:

> "(Plaintiff) was wholly without authority to represent the State of Texas in this litigation, Section 22, art. 4, Constitution; *Gulf Production Co. v. Colquitt,* (Tex.Civ. App.) 25 S.W.2d 989.
>
> "The title to the minerals in the land is vested in the state. (Plaintiff) has no

title thereto. *Greene v. Robison,* 117 Tex. 516, 8 S.W.2d 655; *McDonald v. Dees,* (Tex.Civ.App.) 15 S.W.2d 1075.

> "Having no authority to sue in behalf of the state and no title of his own, it follows (Plaintiff) cannot recover the mineral interest. *Gulf Production Co. v. Colquitt,* supra.
>
> "If the instrument of September 13, 1923, casts any cloud upon the title to the minerals, as to which we express no opinion, such cloud is upon the state's title and the right of action for its removal is vested in the state and not in (Plaintiff)."

In the instant case, the Court erred in rendering judgment for Appellees and decreeing that the August 3, 1967, Order of the Railroad Commission is not binding upon or of any force or effect as to the oil and gas rights of the State of Texas.

■■ Prior to the Railroad Commission hearing, Exxon submitted to the Commissioner of the General Land Office the voluntary agreement to pool which had been signed by some of the interest owners. The Commissioner responded by a letter saying:

> "During the June 6, 1967, meeting of the School Land Board, the pooling application which you submitted in connection with the captioned unit was approved.
>
> We are in the process of reviewing the instrument which you submitted and should be in a position to advise you further within the next few days.
>
> In view of the circumstances connected with this particular unit, permission is hereby given to proceed under the provisions of Article 6008c insofar as the lands in which the State of Texas has an interest are concerned."

This letter is the basis of the Appellees' lawsuit in that they urged that it does not give the required permission of the General Land Office for the Railroad Commission to proceed, and without such authority, the Railroad Commission was without jurisdiction. The Court erred in sustaining such position, because, in the first place, it

amounts to a collateral attack upon the Order of the Railroad Commission and the Court could not go behind the Order to even consider the letter; and secondly, considering the letter, it complies with the requirements of Article 6008c and gives the Railroad Commission authority to proceed.

Article 6008c provides that with the approval or consent of the Commissioner of the General Land Office first had and obtained, lands in which the State of Texas has an interest may be pooled under the Act. The above quoted letter met that requirement. Also, the Order of the Railroad Commission recited on its face that such permission had been granted. Appellees' suit is a collateral attack on the Order of the Railroad Commission and cannot be maintained. The Order of the Railroad Commission was regular on its face and not subject to collateral attack. *Corzelius v. Harrell,* 143 Tex. 509, 186 S.W.2d 961 (1945); *Magnolia Petroleum Co. v. Railroad Commission,* 128 Tex. 189, 96 S.W.2d 273 (1936); *Texas Steel Co. v. Fort Worth & D. C. Ry. Co.,* 120 Tex. 597, 40 S.W.2d 78 (1931). In the last cited case, the Court said:

> "It is the settled law of this State that the Railroad Commission is a quasi-judicial body. (Citation omitted) Since the Railroad Commission is a quasi-judicial body, it follows that an order regular upon its face, made by the Commission, is not subject to collateral attack."

■ There is yet another reason why Appellees cannot attack the Railroad Commission Order. It was stipulated that the Appellees were parties to the proceedings and were given notice of the hearing before the Railroad Commission which resulted in the Order complained of. The Order also recites that fact. They were parties to the hearing but made no appearance. They did not appeal the Order but waited five years to bring this suit. Article 6008c provides that any person or party at interest aggrieved by an Order of the Commission effecting pooling may appeal such Order within thirty days to the District Court of the County in which the land is located. Since this appeal provision is an exception to the general provisions of Article 6049c requiring suits involving the Railroad Commission to be brought in Travis County, it is held that the thirty day provision is jurisdictional with the Court in which the land is located. *Railroad Commission v. Miller,* 434 S.W.2d 670 (Tex.1968); *Superior Oil Company v. Railroad Commission,* 519 S.W.2d 479 (Tex.Civ.App.—El Paso 1975, writ ref'd n. r. e.). This suit was brought in the County where the land was located but not within the thirty-day period; the Court did not have jurisdiction to render the judgment which it rendered.

■ Article 5382c provides a procedure for the voluntary pooling of land in which the State has an interest. Appellees urged that the Commissioner of the General Land Office must comply with all of the provisions of that Article before his permission is good within the meaning of Article 6008c. This contention must be rejected. Article 5382c is a method for *voluntary* pooling of Relinquishment Act land or land in which the State owns an interest; Article 6008c is a method of *compulsory* pooling of land in which the State owns an interest. Article 6008c is complete in itself and it is not possible to read into it any intention of the Legislature that the Commissioner of the General Land Office would have to comply with 5382c in a proceeding under 6008c. In brief, if the requirements of Article 6008c are met, Relinquishment Act land may be pooled.

In view of our holding in the matter discussed, we deem it unnecessary to consider other points of error. The trial Court erred in granting Appellees' motion for summary judgment, and it also erred in failing to grant motion for summary judgment of Exxon Corporation and the State of Texas.

The judgment is reversed and judgment is here rendered that Appellees take nothing.

OSBORN, J., not sitting.